UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-92 |
|---|---|---|
| v. | * | SECTION: "R" |
| CORNELIUS GARRISON | * | |
| DONIESHA GIBSON | | |
| CHANDRIKA BROWN | * | |
| ISHAIS PRICE | | |
| AISHA THOMPSON | * | |
| DEWAYNE DEWAYNE COLEMAN | | |
| DONISESHA LEE | * | |
| a/k/a Donisha Lee | | |
| DONREION LEE | * | |
| ERICA LEE THOMPSON | | |
| | * | |

\* \* \*

## FACTUAL BASIS AS TO DONIESHA GIBSON

### Introduction

Should this matter have gone to trial, the government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegations charged by the government in Count 1 of the Indictment now pending against the defendant, **DONIESHA GIBSON ("GIBSON")**, charging her with a violation of Title 18, United States Code, Section 371, namely, conspiracy to commit mail fraud. The Defendant, along with her co-conspirators and others, beginning at a time unknown and continuing through the date of the Indictment, in the Eastern District of Louisiana, and elsewhere, conspired to commit mail fraud in connection with staged accidents, including one that occurred on October 15, 2015.

AUSA
Defendant
Defense Counsel

## Background

The intersection of Interstate 10 eastbound and Interstate 510 was located in the Eastern District of Louisiana. Hotard Coaches, Inc. d/b/a Hotard Bus Lines ("Hotard") was a commercial bus carrier, incorporated in Louisiana and headquartered in New Orleans, Louisiana. All Aboard America! Inc Holdings ("All Aboard"), incorporated in Colorado and headquartered in Lakewood, Colorado, was the parent company that owned Hotard. Hotard and All Aboard were insured by Lancer Insurance Company ("Lancer"). Lancer, incorporated in Illinois, was headquartered in Long Beach, New York. Hotard and All Aboard had a deductible of $100,000.00 for vehicle accidents, and Lancer provided insurance coverage for Hotard and All Aboard.

On or about April 4, 2016, a Petition for Damages was filed in the First City Court for the City of New Orleans ("FCC"), on behalf of State Farm Fire & Casualty Company As Subrogee for **GIBSON** against Hotard, All Aboard, and Lancer ("State Farm/Gibson Lawsuit") relating to a staged accident that occurred on October 15, 2015, between a Hotard bus and a vehicle owned by **GIBSON**. On or about June 16, 2016, a Petition for Intervention was filed on behalf of **GIBSON** in the State Farm/Gibson Lawsuit, wherein it was alleged that **GIBSON** suffered personal injuries. On or about September 29, 2016, Attorney A filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC"), on behalf of Cornelius Garrison ("Garrison") against Hotard, All Aboard, and Lancer ("Garrison Lawsuit"). On or about October 17, 2016, a Petition for Damages was filed on behalf of Ishais Price ("Price") and Chandrika Brown ("Brown") against Hotard, All Aboard, and Lancer ("Price and Brown Lawsuit"). The lawsuits filed by **GIBSON**, Price, Brown, and Garrison sought to recover damages from Hotard, All

AUSA
Defendant
Defense Counsel

Aboard, and Lancer for the alleged actions of the Hotard bus driver. Hotard, All Aboard, and Lancer utilized a law firm based in Lafayette, Louisiana, to provide legal representation with respect to the staged accident that occurred on October 15, 2015, between the Hotard bus and a vehicle owned by **GIBSON**. On or about December 5, 2016, an Unopposed Motion to Transfer the State Farm Lawsuit to CDC was signed by an FCC judge and the matter was realloted to CDC. On or about August 12, 2017, Attorney B filed a Motion to Substitute Garrison's counsel in the Garrison Lawsuit. On or about October 6, 2017, Attorney A withdrew from representing Garrison, and Attorney A filed a Petition for Intervention in order to protect his/her fees.

### The Offense

At a time unknown but prior to October 15, 2015, Garrison contacted **GIBSON** while her car was being repaired to see if she was interested in staging an automobile accident in order to obtain money through fraud and **GIBSON** agreed. **GIBSON** was in need of money at the time and agreed. Garrison then asked **GIBSON** to recruit others to participate in the fraud. **GIBSON** reached out to Brown and Price, two friends/former co-workers, and was able to have them agree to participate in the staged accident in order to obtain money through fraud. **GIBSON**, Brown, and Price drove **GIBSON's** Dodge Avenger and picked up Garrison.[1] **GIBSON**, Brown, and Price agreed to allow Garrison to drive **GIBSON's** Dodge Avenger in order to stage an automobile accident. At approximately 6:13 P.M., Garrison, while driving east on Interstate 10, intentionally collided with the Hotard bus near Interstate 510 in New Orleans East.

After the staged accident, Garrison instructed **GIBSON** to get behind the wheel of the Dodge Avenger to make it appear that **GIBSON** was driving the vehicle at the time of the staged

---

[1] **GIBSON's** minor child was also in the Dodge Avenger at the time.



accident.   **GIBSON**, Brown, and Price contacted the New Orleans Police Department ("NOPD") to report that they had been in an automobile accident.   At approximately 6:28 P.M., NOPD responded to the scene of the alleged accident and, shortly thereafter, **GIBSON** falsely reported to the NOPD that she had been the driver of the Dodge Avenger and that the Hotard bus struck her vehicle while it was changing lanes.

After the staged accident, Garrison advised **GIBSON**, Brown, and Price to claim that they were injured and to seek medical treatment.   Garrison directed **GIBSON** to use a certain attorney, but **GIBSON** wound up selecting her own. **GIBSON** and Brown sought medical treatment with doctors and healthcare providers, even though neither of them was injured.

On September 29, 2016, Garrison's first attorney filed the Garrison Lawsuit in CDC.   On October 17, 2016, the Price and Brown Lawsuit was filed in CDC.   On January 29, 2017, Garrison's substitute counsel submitted a settlement demand seeking $2,000,000.00 by facsimile to Hotard, All Aboard, and Lancer's counsel.   On February 10, 2017, Brown and Price's counsel submitted a settlement demand seeking $6,000.00 for Brown and $17,500.00 for Price via the United States Postal Service to Hotard, All Aboard, and Lancer's counsel.   On December 11, 2017, **GIBSON's** counsel submitted a settlement demand seeking $20,815.45 via email to Hotard, All Aboard, and Lancer's counsel.

On July 31, 2017, counsel for Hotard, All Aboard, and Lancer mailed correspondence from 825 Lafayette St., Lafayette, LA 70502, via the U.S. Postal Service to counsel for Brown and Price, at \*\*\*, New Orleans, LA, 70130, containing two settlement checks: (1) payable to Brown and her attorney, in the amount of $5,000.00, and (2) payable to Price and her attorney, in the amount of $12,500.00.   On January 8, 2018, counsel for Hotard, All Aboard, and Lancer mailed

AUSA
Defendant
Defense Counsel

correspondence from 825 Lafayette St., Lafayette, LA 70502, via U.S. Postal Service to counsel for **GIBSON**, at \*\*\*, New Orleans, LA, 70131, containing a settlement check payable to **GIBSON** and her attorney, in the amount of $10,000.00. Lastly, on August 13, 2018, counsel for Hotard, All Aboard, and Lancer mailed correspondence from 825 Lafayette St., Lafayette, LA 70502, via the U.S. Postal Service to Attorney B, \*\*\*, Kenner, LA, 70062, containing a settlement check payable to Garrison and his attorneys in the amount of $650,000.00.

The government would introduce incriminating statements made by **GIBSON** to the Federal Bureau of Investigation ("FBI") on February 11, 2020. In this FBI interview, **GIBSON** admitted to participating in a staged automobile accident that occurred on October 15, 2015, involving herself, Brown, Price, and Garrison. According to **GIBSON**, she was approached by Garrison for the purpose of participating in a staged accident for the purpose of making money. **GIBSON** recruited Brown and Price, two friends/former co-workers, and they all knew that the purpose of the staged accident was to fraudulently obtain money from the insurance company.

**GIBSON** told the FBI that on the day of the staged accident, she picked up Brown and Price in her car, a Dodge Avenger. They then picked up Garrison, who took over as the driver. **GIBSON** said that Garrison drove her Dodge Avenger along the Interstate 10 until he intentionally drove the Dodge Avenger into the Hotard bus. Then, according to **GIBSON**, she and Garrison switched seats to make it appear as though **GIBSON** was the driver.

Thereafter, Garrison also told **GIBSON**, Brown, and Price to make false statements to the NOPD about how the accident occurred. Garrison also advised **GIBSON**, Brown, and Price to falsely claim that they had been injured in the staged accident. **GIBSON** filed a false police report

AUSA
Defendant
Defense Counsel

with the NOPD in which she claimed to be the driver at the time of the staged accident. Garrison directed **GIBSON** to use a certain attorney, but **GIBSON** wound up selecting her own.

In addition, the government would introduce video evidence from the Hotard bus showing the Dodge Avenger intentionally strike the bus as it was traveling on the I-10, along with eyewitness testimony from the occupants of the Hotard bus.

### Limited Nature of Factual Basis and Conclusion

This proffer of evidence is not intended to constitute a complete statement of all facts known by **GIBSON**, and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for her guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **GIBSON**.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, *inter alia*, Special Agents and forensic examiners from the Federal Bureau of Investigation and admissible tangible exhibits in the custody of the FBI.

READ AND APPROVED:

_____ 6-10-21
DONIESHA GIBSON         (Date)
Defendant

_____ 6-11-21
P. LINDSEY WILLIAMS     (Date)
Counsel for Defendant

_____ 6/15/21
EDWARD J. RIVERA        (Date)
Assistant United States Attorney